#                IN THE UNITED STATES DISTRICT COURT
#                     FOR THE DISTRICT OF ALASKA

GUARDIAN OF TRUTH,

             Plaintiff,

v.

MORGAN JADA WALKER,

             Defendant.

Case No. 3:25-cv-000043-SLG

## ORDER OF DISMISSAL UPON SCREENING

This case was originally filed in state court on Decmeber 10, 2024, by self-represented litigant Guardian of Truth, also known as Louis Holger Eklund ("Plaintiff").[1] Plaintiff filed the state court complaint immediately following a revocation hearing in his federal criminal case. On March 4, 2025, Defendant Morgan Jada Walker, who was then an Assistant U.S. Attorney ("AUSA Walker"), filed a Notice of Removal that removed the case to this Court.[2] Plaintiff's Complaint alleges that AUSA Walker framed him, unjustly imprisoned him, gave false testimony against him, abused the legal process, and committed a variety of criminal offenses and violations of his rights.[3] For relief, Plaintiff requests $10 million in damages and a grand jury investigation into former AUSA Walker's

---

[1] Docket 1. *See also Guardian of Truth v. Morgan Jada Walker,* Case No. 3AN-24-10428CI.

[2] Docket 1-1 at 4-5. *See also United States v. Louis Holger Eklund,* Case No. 3:18-cr-00035, Dockets 774-794.

[3] Docket 1-1.

alleged actions.[4]

Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of its own records and of the Courtview records of the Alaska Court System.[5] Plaintiff has a documented history of filing frivolous lawsuits, and he has accumulated three strikes under the Prison Litigation Reform Act ("PLRA").[6] Therefore, Plaintiff is prohibited from bringing any cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, "the prisoner is under imminent danger of serious physical injury."[7]

Although Plaintiff filed this case in state court, it remains subject to screening in accordance with 28 U.S.C. §§ 1915(e) and 1915A. Upon review, Plaintiff's Complaint fails to state a plausible claim for which relief may be granted. Plaintiff has been repeatedly informed that he, as a private citizen, cannot initiate a criminal prosecution, that he cannot collaterally attack a criminal conviction, and that claims against government attorneys that are so closely associated with the judicial phase

---

[4] Docket 1-1 at 6.

[5] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); See also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted.).

[6] See Holger, et al. v. Gleason, et al., No. 2:22-cv-00001-JWS, Docket 14 at 3-4, 9.

[7] 28 U.S.C. § 1915(g); see also Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007).

Case No. 3:25-cv-00043-SLG, *Guardian of Truth v. Walker*
Order of Dismissal Upon Screening
Page 2 of 4
Case 3:25-cv-00043-SLG    Document 14    Filed 08/04/25    Page 2 of 4

of the criminal process that they are barred by prosecutorial immunity.[8] Therefore, the Court further finds Plaintiff's claims to be frivolous. For these reasons, this case must be dismissed with prejudice. However, this dismissal will not count as an additional strike.[9] Nevertheless, Plaintiff is cautioned that repeated filing of frivolous lawsuits—whether in state or federal court—may result in further sanctions, including but not limited to monetary penalties or restrictions on filing. Plaintiff must not file any future claims for which he lacks a sufficient legal or factual basis.

**IT IS THEREFORE ORDERED:**

1. This case is **DISMISSED with prejudice.**

2. All pending motions are **DENIED as moot.**

3. Because this case was originally filed in state court, this dismissal will **not** count as a "strike" against Plaintiff. However, Plaintiff has previously accumulated **THREE STRIKES** and must not file any cases in any federal court without prepaying the filing fee unless he demonstrates that he is under imminent danger of serious physical injury at the time of filing of the complaint, and that danger is fairly traceable to the unlawful conduct of the defendants alleged in the

---

[8] *See, e.g., Holger v. Gleason, et al.*, Case No. 2:22-cv-1-MJP, Docket 14 at 7-8; *Holger v. United States of America, et al.,* Case No. 3:18-cv-241-RRB, Docket 15 (explaining private citizens cannot sue others using criminal laws); *Holger v. Burgess, et al.,* Case No. 3:18-cv-166-RRB, Docket 4 (dismissing claims as barred by judicial and prosecutorial immunity).

[9] *Harris v. Mangum,* 863 F.3d 1133, 1141 (9th Cir. 2017) (holding that dismissal of a case originally filed in state court and then removed to federal court does not constitute a strike because the prisoner did not bring the action "in a court of the United States" as required by § 1915(g)).

complaint and redressable by the Court.

    4.    The Clerk shall issue a final judgment and close this case.

DATED this 4th day of August, 2025, at Anchorage, Alaska.

                                */s/ Sharon L. Gleason*
                                SHARON L. GLEASON
                                UNITED STATES DISTRICT JUDGE

Case No. 3:25-cv-00043-SLG, *Guardian of Truth v. Walker*
Order of Dismissal Upon Screening
Page 4 of 4
Case 3:25-cv-00043-SLG    Document 14    Filed 08/04/25    Page 4 of 4